BLD-169                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1130
_____

IN RE: JOSEPH FARMER,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
District Court Judge: Renee M. Bumb
(Related to 1-16-cv-08657)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 5, 2018

Before: RESTREPO, BIBAS and NYGAARD, Circuit Judges

(Opinion filed: April 9, 2018)
_____

OPINION*
_____

PER CURIAM

    Federal prisoner Joseph Farmer, proceeding pro se, seeks a writ of mandamus in

connection with a habeas petition he filed in the United States District Court for the

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District of New Jersey. For the reasons that follow, we will deny Farmer's mandamus petition.

In November 2016, Farmer filed a petition pursuant to 28 U.S.C. § 2241 in the District Court, attacking the calculation of his jail credit upon parole revocation, and seeking immediate release. Earlier this year, Farmer filed this mandamus petition, asking that we direct the District Court to rule on his § 2241 petition. A few days later, the District Court issued an order and opinion on Farmer's § 2241 petition, denying some of his claims but requesting supplemental briefing on the remaining claims. Farmer has filed a notice of appeal, and the resulting appeal is pending before our Court.[1] See C.A. No. 18-1330.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted). Generally, a court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and

---

[1] That appeal has been listed by the Clerk for possible dismissal due to a jurisdictional defect. See 28 U.S.C. § 1291. We do not consider that question here.

2

there is no "clear and indisputable" right to have a District Court handle a case in a particular manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam). That said, a writ of mandamus may issue where a district court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Farmer has not made the requisite showing. Since the filing of his mandamus petition, the District Court has addressed Farmer's § 2241 petition and requested supplemental briefs. Given this recent activity, we cannot say that there has been a persistent delay "tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

Accordingly, we will deny Farmer's mandamus petition.